# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

TERRANCE J.M. STOKES,                    :
                                         :
                Plaintiff,               :
                                         :
        v.                               : Civ. No. 21-144-CFC
                                         :
CLAIR DEMATTEIS, et al.,                 :
                                         :
                Defendants.              :

---

Terrance J.M. Stokes, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

July 30, 2021
Wilmington, Delaware

CONNOLLY, Chief Judge:

## I.      INTRODUCTION

Plaintiff Terrance J. M. Stokes, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 10801, and 28 U.S.C. §§ 2201 and 2202. (D.I. 2)   Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5, 7)  The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.     BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff names two defendants – Delaware Department of Correction Commissioner Clare DeMatteis and Centurion Health, the contract medical provider for the DOC.

Plaintiff alleges that the DOC does not adhere to its policies with regard to inmates and mental health care, and it does not provide human interaction and "reasonably frequent mental health care" in violation of the Eighth and Fourteenth Amendments. (D.I. 2 at 4-5, 7-10)  He also alleges that the DOC fails to consider an inmate's mental health status before placing the inmate in a restrictive housing unit or extreme isolation. (*Id.* at 6, 7-10)

In addition, Plaintiff alleges that on an unspecified date he was in serious pain, vomiting, throwing up, and had rectal bleeding. (*Id.* at 2)  He was taken to an infirmary and treated and, although he continued to vomit and bleed, he was returned to his housing unit where he remained ill and passed out. (*Id.*)  An officer told Plaintiff to submit a sick call slip and, as of January 21, 2021, he had not heard from medical. (*Id.*)

Plaintiff states that he also submitted a grievance and has yet to hear anything. (*Id.*)
He remains ill. (*Id.*)

Plaintiff seeks declaratory and injunctive relief as well as compensatory
damages. (*Id.* at 12)

## III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening
provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or
malicious, fails to state a claim upon which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,
452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28
U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental
defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison
conditions). The court must accept all factual allegations in a complaint as true and
take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of
Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93
(2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his
Complaint, "however inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See
Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490
U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112
(3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably
meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual

2

scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574

3

U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Respondeat Superior

Commissioner DeMatteis is named as a defendant apparently based upon her supervisory position because she "is statutorily authorized and responsible for the oversight, operation, and administration of Delaware's Correctional System and the Delaware prisons, she has full and active charge of DOC and its facilities and services, and is DOC's chief executive and administrative officer." (D.I. 2 at 7). As is well-known, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210

4

(3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, the Complaint does not state when the alleged constitutional violations occurred.  Nor does it allege DeMatteis's personal involvement as required to state a claim under § 1983.  Accordingly, she will be dismissed as a defendant.

## B.  42 U.S.C. § 10801

Plaintiff raises a claim under the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. §§ 10801 *et seq*.  The Act, which concerns the powers and responsibilities of "system[s] established in a State to protect and advocate the rights of persons with developmental disabilities under subtitle C of the Developmental Disabilities Assistance and Bill of Rights Act," 42 U.S.C. § 10802(2); *see also id.* §§ 10803, 10805, does not create a private right of action.  *See Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 994-95 (1st Cir. 1992) (concluding that "plaintiff ha[d] no enforceable rights under § 10841" because the language used in the Act "indicate[s] that the statute is merely precatory"); *Enow v. Wolfe*, 2018 WL 656434, at *6 (D. Md. Feb. 1, 2018) *Manley v. Horsham Clinic*, No. 00-4904, 2001 WL 894230, at *7 (E.D. Pa. Aug. 9, 2001) ("It is well settled that [the Act] does not create a private right of action; the precatory language of this statute merely expresses a Congressional preference for certain kinds of treatment.").  Accordingly, all claims raised under 42 U.S.C. § 10801 will be dismissed as legally frivolous.

5

## C.    Deficient Pleading

Plaintiff's remaining claim against Centurion is deficiently pled.  A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).  The Complaint does not contain any dates when Plaintiff was allegedly denied mental health care or inappropriately housed due to his mental health condition.  And, while Plaintiff refers to the failure to respond to a sick call slip as of January 21, 2021, he alleges that he received medical treatment, does not indicate when his medical condition began, and does not allege who did or did not provide him treatment.[1]

In addition, when a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference.  *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).   In order to establish that Centurion is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C.§ 1983, a corporation

---

[1] Plaintiff also provides conflicting allegations on whether he exhausted his administrative remedies.  On the one hand, he states he was told the matter was ungrievable (D.I. 2 at 14) and, on the other hand, he states that he grieved the medical issue, it's been one month and he has yet to hear anything (*id.* at 13).

6

under contract with the state cannot be held liable for the acts of its employees and agents under those theories).  Plaintiff's Complaint fails to state 42 U.S.C. § 1983 claim against Centurion.

Finally, Plaintiff's Delaware constitutional claim is premised on the same operative facts as his § 1983 claims.  Like § 1983 claims, alleged violations of a Plaintiff's rights under the Delaware Constitution cannot be based on respondeat superior.  *See Frink v. MacLeish*, 2009 WL 29444, at *3 (D. Del. Jan. 5, 2009).  As discussed above, the allegations fail to state claims upon which relief may be granted, and, therefore, Plaintiff has failed to plead sufficient factual allegations to withstand dismissal under the Delaware Constitution.  *See Mullin v. Sussex Cty.*, 861 F. Supp. 2d 411, 424 (D. Del. 2012).

As discussed, the Complaint fails to state claims under § 1983 or the Delaware Constitution and will be dismissed.  Plaintiff will be given leave to amend.

## V.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).  Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.

7