IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRANCE J.M. STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 21-144-CFC |
| | ) | |
| CENTURION HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1.      **Introduction.**   Plaintiff Terrance J.M. Stokes proceeds *pro se* and has been granted leave to proceed *in forma pauperis.*   (D.I. 7)   He alleges constitutional violations and medical negligence.   (D.I. 2)   The matter proceeds on the Amended Complaint.   (D.I. 18)   Defendant moves to dismiss (D.I. 22), and Plaintiff moves to supplement his responses (D.I. 27, 28),[1] for discovery (D.I. 29, 30), and for appointment of counsel (D.I. 30).

2.      **Motion to Dismiss.**   Plaintiff alleges there was a delay in medical treatment and, that, when it was provided, the medical treatment was inadequate.   (D.I. 18)   Centurion Health, the sole defendant, moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Amended Complaint does not provide facts of an Eighth or Fourteenth Amendment violation as it fails to allege a policy or custom that is responsible for violating Plaintiff's constitutional rights.   (D.I. 22)   In order to establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Centurion] policy or custom, and that the

---

[1] The motions (D.I. 27, 29) will be granted and the supplements will be considered.

1

policy caused the constitutional violation[s] [plaintiff] allege[s]."   *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).   Defendant is correct that the Amended Complaint contains no such allegations.   Plaintiff's attempt to remedy the pleading defects through his oppositions (D.I. 26, 27, 29) is not allowed.   *See Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss" (internal quotation and citation omitted); *Carpenters Health 86 Welfare Fund of Phila. & Vicinity v. Mgmt. Res. Sys.*, 837 F.3d 378, 383 (3d Cir. 2016) (party may not amend complaint in brief opposing a motion to dismiss).

3.      Defendant also moves to dismiss the medical negligence claim on the grounds that Plaintiff did not follow the requirements under Delaware law.   (D.I. 22)   For a medical negligence claim, Plaintiff must file an affidavit of merit signed by an expert witness supporting the claim.   *See* 18 Del. C. § 6853(a)(1).   Defendant is correct that Plaintiff did not do so.

4.      Defendant's motion to dismiss will be granted.   (D.I. 22)   Because it is possible that Plaintiff may be able to cure the pleading defects of the alleged constitutional violations, he will be given leave to amend the claim.   Amendment is futile as to the medical negligence claim raised under state law.

5.      **Discovery Motions**.   The Court will deny Plaintiff's motion for a hearing. (D.I. 29)   While not clear, it seems that Plaintiff either seeks discovery or copies of every item on the Court docket.   A hearing is not necessary.   To the extent Plaintiff seeks every item on the Court docket, he is advised that there is a cost associated with the request which must be prepaid before the copies are provided.   The Clerk of Court will be directed to provide Plaintiff a copy of the Court docket.   Plaintiff may request copies

2

from the Clerk of Court and upon doing so, will be advised of the cost.   Plaintiff also requests Defendant's health statement and policy.   (D.I. 30)   The discovery request is premature and will be denied.

6.   **Request for Counsel**.   Plaintiff requests counsel on the grounds that he "can't comprehend," "never completed school," to assist in discovery, and to perform a proper investigation.   (D.I. 30)   A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2]   *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.   *Tabron*, 6 F.3d at 155.

7.   After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.   Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.   *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.   The list is

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

3

Case 1:21-cv-00144-CFC   Document 31   Filed 12/29/22   Page 4 of 4 PageID #: 126


not exhaustive, nor is any one factor determinative.   *Tabron*, 6 F.3d at 157.

8.     Several of the *Tabron* factors militate against granting Plaintiff's request for counsel at this time.   There is no operative pleading, the Amended Complaint having been dismissed and Plaintiff having been given leave to amend.   In addition, Plaintiff's filings indicate that he understands the issues he raises and adequately addresses those issues.   For these reasons, the Court will deny the request for counsel without prejudice to renew.

IT IS THEREFORE ORDERED this Twenty-ninth day of December 2022, that:

1.     Defendant's motion to dismiss is GRANTED.   (D.I. 22)   Plaintiff is given leave to file a second amended complaint solely as constitutional medical needs claim on or before January 20, 2023.   The Clerk of Court will be directed to close the case should Plaintiff fail to timely file a second amended complaint.

2.     Plaintiff's motions to supplement his response are GRANTED.   (D.I. 27, 28)

3.     Plaintiff's motion for a hearing and to release all material is DENIED.   (D.I. 29)   The Clerk of Court is directed to provide Plaintiff one free copy of the Court docket.

4.     Plaintiff's motion for discovery is DENIED as premature.   (D.I. 30)

5.     Plaintiff's request for counsel is DENIED without prejudice to renew.   (D.I. 30)

_____
Chief Judge